UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ERIC MOTA** § | | |
| *PLAINTIFF* § | | CIVIL ACTION NO: _____ |
| § | | |
| **V.** § | | |
| § | | |
| **NATIONAL UNION FIVE INSURANCE** § | | |
| **COMPANY OF PITTSBURGH, PA. D/B/A** § | | |
| **AIG PROPERTY CASUALTY COMPANY** § | | JURY TRIAL DEMANDED |
| *DEFENDANT* | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF THE SAID COURT:**

NOW COMES **ERIC MOTA**, hereinafter referred to by name or as Plaintiff, and complains of **NATIONAL UNION FIVE INSURANCE COMPANY OF PITTSBURGH, PA. D/B/A AIG PROPERTY CASUALTY COMPANY** (hereinafter Defendant or "**AIG**") and for cause of action would respectfully show unto the Court the following:

## I. PARTIES

1. Plaintiff **ERIC MOTA** (hereinafter referred to as Plaintiff **MOTA**) is an individual and a resident of **CORPUS CHRISTI, TEXAS**.

2. Defendant **NATIONAL UNION FIVE INSURANCE COMPANY OF PITTSBURGH, PA. D/B/A AIG PROPERTY CASUALTY COMPANY** is a foreign corporation incorporated in Pennsylvania, whose principal place of business is in New York, and is licensed to sell and/or underwrite property and casualty insurance policies in the state of Texas, and may be served with process by serving its designated agent for service of process,

**CORPORATION SERVICE COMPANY**, **221 EAST 7TH STREET SUITE 620, AUSTIN, TEXAS 78701-3218**.

**3.** Plaintiff hereby invokes the privileges under Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 21, and files this suit against the named Defendant as well as any other individual, partnership, or business entity doing business under the assumed named of "**NATIONAL UNION FIVE INSURANCE COMPANY OF PITTSBURGH, PA**" or "**AIG PROPERTY CASUALTY COMPANY**." Plaintiff will substitute the proper and true name of the Defendant doing business as "**NATIONAL UNION FIVE INSURANCE COMPANY OF PITTSBURGH, PA**" or "**AIG PROPERTY CASUALTY COMPANY**" upon motion of any party or of this Court.

## II. SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND VENUE

**4.** The court has jurisdiction of this matter, pursuant to 28 U.S.C. §1332(a)(1), as there is diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds the minimum jurisdictional limits excluding interest and costs.

**5.** Venue is proper in this district, as pursuant to 28 U.S.C. §1391, because the collision which forms the basis of this lawsuit occurred in Nueces County, which is within this District.

## II.　　FACTS

6.　　On November 2, 2022, at around 08:32 am, Plaintiff was traveling in the second lane of SH 358, near the 3800 block, when Plaintiff experienced an unexpected sudden emergency when, through no fault of his own, his tires flew off the far rear side of his vehicle, causing the same to spin and flip over.

7.　　Plaintiff, acting in a reasonable and prudent manner, attempted to safely bring his vehicle to a stop. While attempting to safely bring his vehicle to a stop (and/or subsequently after the vehicle came to a stop), he was struck by multiple unknown vehicles, resulting in serious and permanent injuries. These unknown vehicles subsequently fled the scene of the incident without providing any statements or reports regarding their auto/liability insurance to the officers that arrived at the scene of the incident.

8.　　As a foreseeable result of the incident, Plaintiff suffered serious and permanent injuries, including but not limited to injuries to his neck, back, and shoulder. Plaintiff has incurred reasonable and necessary medical expenses, suffered physical pain, mental anguish, disability and loss of consortium. These damages are ongoing and continuing into the future. However, since the drivers of the vehicles that caused Plaintiff's injuries fled the scene of the incident, Plaintiff has not been able to make a claim for damages against the at-fault parties.

9.　　At the time of this collision, **ERIC MOTA** was driving his employer's cement truck, which had an auto insurance policy issued by Defendant **AIG** in effect. As part of his coverage, he had uninsured motorist (UM) benefits.

10. Plaintiff timely and properly notified Defendant **AIG** of the collision. Plaintiff would show that a policy of insurance with Defendant had uninsured motorist coverage bearing policy number 5630127 and a claim number of 5015728352.

11. Plaintiff has fully complied with all conditions of the insurance policy prior to bringing this suit. **All conditions precedent have been performed or have occurred.**

12. As Plaintiff incurred medical bills, he attempted to forward said bills to **AIG** for payment under the Uninsured Motorist policy. **AIG** has refused to fully pay these medical expenses despite its obligation to do so under the policy and the Texas Insurance Code.

13. Tex. Ins.Code §1952.1060 states, in pertinent part, that "Uninsured motorist coverage must provide for payment to the insured of all amounts that the insured is legally entitled to recover…because of bodily injury, or property damage…"However, Defendant has refused to fully pay Plaintiff ERIC MOTA his uninsured motorist (UM) benefits despite its obligation to do so under the policy and the Texas Insurance Code.

### III. CAUSES OF ACTION AGAINST DEFENDANT AIG: BREACH OF CONTRACT, UNFAIR INSURANCE PRACTICES, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, AND VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

14. Plaintiff **ERIC MOTA** brings this action against Defendant **AIG** for breach of contract, unfair insurance practices, breach of the duty of good faith and fair dealing, violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA), and fraud. On or

about each date of incident referenced above, Plaintiff **ERIC MOTA**, had Uninsured Motorist Coverage (UM).

15. Plaintiff has fully complied with all conditions of the insurance policy prior to bringing the suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant **AIG**, has failed and refused, and still fails and refuses, to pay Plaintiff **MOTA'**s reasonable benefits under this policy as it is contractually required to do.

### A.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

16. Defendant **AIG**'s conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations described herein are made actionable by TEX. INS. CODE §541.151.

17. Defendant **AIG**'s unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

18. The unfair settlement practices of Defendant **AIG** of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

19. Defendant **AIG**'s unfair settlement practice of failing within a reasonable time

to affirm or deny coverage of the claim to the Plaintiff, or to submit a reservation of rights to the Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

20. Defendant **AIG**'s unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

21. Defendant **AIG**'s conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

22. Defendant **AIG**'s failure to commence an investigation and resolve Plaintiff's claim, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

23. Defendant **AIG**'s delay of the payment of Plaintiff' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058

### C. BREACH OF CONTRACT

24. Defendant **AIG** is liable to the Plaintiff for intentional breach of contract, as well as intentional violations of the TEXAS INSURANCE CODE, and intentional breach of the common law duty of good faith and fair dealing.

**25.** Plaintiff is a named insured under the terms of the UIM policy between Plaintiff's employer and Defendant **AIG**. Plaintiff and/or his employer fulfilled all of their contractual obligations pursuant to the terms of the insurance agreement, including but not limited to paying insurance premiums and reporting this incident. However, Defendant, without any viable legal or factual grounds, refused to pay Plaintiff's UIM benefits. Defendant **AIG**'s conduct constitutes a breach of the insurance contract made between **AIG** and the Plaintiff.

**26.** Defendant **AIG**'s failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of **AIG**'s insurance contract with Plaintiff.

### D. UNFAIR INSURANCE PRACTICES

**27.** As set forth herein, Defendant **AIG**'s wrongful conduct constitutes a violation of the unfair insurance practices code. Therefore, Defendant **AIG** is guilty of unfair insurance practices in violation of ARTICLE 21.21, § 16 and CHAPTER 541 of the TEXAS INSURANCE CODE, and the statutes, rules, and regulations incorporated by said provision. These unfair practices have been the producing causes of Plaintiff's actual damages.

### E. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

**28.** Defendant **AIG** breached its duty of good faith and fair dealing by denying Plaintiff's uninsured motorist claim without any reasonable basis, by failing to conduct a reasonable investigation of Plaintiff's claims, and failing to effect prompt

resolution of Plaintiff's claim. Defendant' breach has been a producing and proximate cause of Plaintiff's actual damages.

### F.  VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

29.  Defendant **AIG** is liable because its actions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"). By refusing to pay Plaintiff's damages within the limitations of the UIM policy and failing to promptly respond to and/or investigate Plaintiff's claims, Defendant **AIG** engaged in multiple violations of the DTPA as set forth below. Specifically, Defendant violated the DTPA in one or more of the following aspects:

   a. Misrepresenting the nature of the goods/services or benefits relating to the UIM policy in violation of TEX. BUS. & COMM. CODE § 17.56(b)(5);

   b. Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of TEX. BUS. & COMM. CODE § 17.46(b)(7);

   c. Representing that an agreement confers rights or involves rights, remedies or obligations that does not, or that are prohibited by law in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

   d. Failing to disclose information about the goods or services/benefits of the UIM policy that was known during the relevant time period when the failure to disclose was intended to induce Plaintiff to refrain from pursuing UIM benefits under the policy in violation of TEX. BUS. & COMM. CODE § 17.46(b)(23);

  e. Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of TEX. BUS. & COMM. CODE § 17.50(a)(3).

### G. INTENTIONAL BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

**30.** Defendant's refusal to pay UIM benefits without any viable legal or factual grounds was willful and intentional. Accordingly, Defendant AIG is liable for additional damages as authorized by TEXAS. INS. CODE CHAPTER 540 and TEX. BUS. & COMM. CODE § 17.50(b)(1).

**31.** Defendant AIG acted with conscious indifference to the rights of the Plaintiff in breaching the duty of good faith and fair dealing; therefore, Defendant is liable for exemplary damages.

**32.** Additionally, Plaintiff MOTA is also entitled to the twelve percent (12%) penalty allowed by TEXAS. INS. CODE CHAPTER 542 based on Defendant's refusal to pay the claim.

### IV.   ATTORNEY'S FEES

**33.** Plaintiff MOTA has been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiff is entitled to recover from Defendant the additional sum of eighteen percent (18%) per year of the amount payable under the policy as penalty, together with a reasonable sum for the necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Fifth Circuit or

the U.S. Supreme Court. Additionally, Plaintiff is entitled to reasonable and necessary attorney fees pursuant to TEXAS. INS. CODE ARTICLE 21.21, §16; TEX. BUS. & COMM. CODE § 17.50; and TEXAS. INS. CODE ARTICLE 3.62-1.

## V.   DECLARATORY JUDGMENT ACTION

34.   Pursuant to 28 U.S. Code § 2201 and 2202, et seq., the Court may declare rights, status, and legal relations whether or not further relief is or could be claimed, and before or after breach of contract.

35.   Plaintiff seeks a judgment declaring that the AIG Policy provides Uninsured Motorist coverage to Plaintiff for: (l) the injuries and resulting damages to the Insured (Plaintiff).

36.   Plaintiff is entitled to recover costs and reasonable and necessary attorney fees that are equitable and just under 28 U.S. CODE § 2201 and 2202, because this is a suit for declaratory relief.

## VI.   DAMAGES

37.   As a direct and proximate result of the accident in question, Plaintiff MOTA was severely injured. Plaintiff has suffered loss of economic and noneconomic damages associated with his injuries. Plaintiff has suffered damages as set forth below.

38.   As a direct and proximate result of collision, Plaintiff has suffered severe bodily injuries to his neck, back, and other parts of his body generally. His entire body was bruised, battered and contused and he suffered great shock to his entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being.

**39.** Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life.

**40.** As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

**41.** As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

**42.** As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

**43.** By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now files suit.

**44.** As a consequence of the injuries sustained by the Plaintiff, he has sustained physical impairment and disfigurement. In all reasonable probability, this disability will cause him to suffer long into the future, if not for the balance of his natural life, all due to the damages in an amount that is within the jurisdictional limits of this Court for which he now sues.

**45.** As a further consequence of the injuries sustained by the Plaintiff, he has suffered loss wages, and due further to his injuries, has experienced loss of future wage-earning capacity.

### VII.   STATUTORY EXEMPLARY DAMAGES

**46.** Plaintiff sues pursuant to Section 41.003(a)(2), TEXAS CIVIL PRACTICE AND REMEDIES CODE, to recover punitive and exemplary damages against Defendant based on the Defendant's intentional and wrongful conduct with conscious indifference to the rights, safety, and welfare of Plaintiff.

### VIII.   REQUEST FOR JURY TRIAL

**47.** Plaintiff demands that this case be decided by a jury as allowed by F.R C.P. RULE 38. Plaintiff acknowledges payment of the required jury fee.

### IX.   INTEREST

**48.** Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

### X.   PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**49.** Plaintiff hereby requests and demands that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident that

made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, log books, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

**50.** Specifically, Plaintiff hereby requests and demands that Defendant does not use, alter, or repair in any way the tractor and trailer involved in the wreck, including any separate pieces of the tractor and trailer and the electronic control module, airbag control module, and any other event data recorder.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, that Plaintiff has judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief of which Plaintiff may be justly entitled by law and equity.

**RESPECTFULLY SUBMITTED,**

**DESOUZA INJURY LAWYERS**
4047 NACO PERRIN BLVD. SUITE 100
SAN ANTONIO, TEXAS 78217
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

**BY:** ***/S/ Jason F. DeSouza***
JASON F. DESOUZA
STATE BAR NO.: 24073255
FEDERAL BAR NO.: 2657753
jason@jfdlawfirm.com

**By: /s/** ***Jorge L. Alvarez***
Jorge L. Alvarez
STATE BAR NO: 24133590
FEDERAL BAR NO.: 3840915
jorge@jfdlawfirm.com
*ATTORNEYS FOR PLAINTIFF*