Case 2:23-cv-00116   Document 70   Filed on 03/20/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
March 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ERIC MOTA, § | |
| § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. 2:23-CV-00116 |
| § | |
| NATIONAL UNION FIRE INSURANCE § | |
| COMPANY OF PITTSBURGH, PA, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 62). The M&R recommends that the Court:

(1) Grant Defendant's motion for summary judgment, (D.E. 44);

(2) Deny Plaintiff's motion for a continuance, (D.E. 48); and

(3) Deny as moot Defendant's motion to exclude untimely disclosed matters, (D.E. 53).

(D.E. 62, p. 1–2).[1] Plaintiff has filed written objections to the M&R. (D.E. 68).

After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 68), and **ADOPTS** the M&R's conclusion that Defendant is entitled to summary judgment, (D.E. 62).

### I. Law

A district judge may designate a magistrate judge to submit to the court proposed findings of facts and recommendations for the disposition of motions for summary judgment. 28 U.S.C. § 636(b)(1)(B). When a party objects to these findings and recommendations, the district court

---

[1] The M&R alternatively recommends that the Court abate the case to allow Defendant to obtain a determination from his employer's workers' compensation insurance carrier. (D.E. 62, p. 2). The Court agrees with the M&R's recommendation regarding summary judgment, so it needs not reach this recommendation.

"shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C). "An objection must point out with particularity the alleged error in the Magistrate Judge's analysis. Otherwise, it does not constitute a proper objection and will not be considered." *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1–2 (S.D. Tex. May 3, 2024) (Ramos, J.) (first citing FED. R. CIV. P. 72(b)(2); then citing *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); and then citing *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993)). As to any portion of the findings and recommendations to which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When arguing whether a fact is genuinely disputed, the parties must support their assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" FED. R. CIV. P. 56(c). A genuine issue exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the burden shifts to the nonmovant to show a genuine issue. *Id.* at 324.

In evaluating a motion for summary judgment, a court must consider the record as a whole, including all pleadings, depositions, answers to interrogatories, admissions in the record, and affidavits. *See Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (first citing *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 482 (5th Cir.2000); and then citing *Celotex*, 477 U.S. at 327). Generally, when the outcome of a case is dependent on disputed factual findings, "the inferences to be drawn from the underlying facts contained in [the trial record] must be viewed in the light most favorable to the party opposing the motion." *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). In doing so, a court may not weigh the evidence or evaluate the credibility of witnesses. *See Caboni*, 278 F.3d at 451 (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)). Usually, this "means adopting . . . the plaintiff's version of the facts." *See Scott v. Harris*, 550 U.S. 372, 378 (2007).

But, "[w]hen the record—taken as a whole—could not lead a rational trier of fact to find for the nonmoving party, then there is no genuine issue for trial." *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1084 (5th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A scintilla of evidence does not suffice to create a genuine issue for trial. *See Anderson*, 477 U.S. at 251 (1986); *Favela v. Collier*, 91 F.4th 1210, 1214 n.3 (5th Cir. 2024) (citing *Davis*, 14 F.3d at 1086; then citing *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727–28 (Tex. 2003); and then citing *Scintilla*, BLACK'S LAW DICTIONARY (11th ed. 2019)) (defining a "scintilla of evidence" as "something less than the amount of evidence necessary to support a reasonable finding of fact"). "[B]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it[.]" *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)) (collecting

cases). So, for a court to deny summary judgment, "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252; *see also Matsushita*, 475 U.S. at 586 (nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts").

### B. Competent Summary Judgment Evidence

The touchstone of competent summary judgment evidence is that it may be reduced to admissible form at trial. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (unauthenticated and unverified documents not competent summary judgment evidence); *Cormier v. Pennzoil Expl. & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (affidavits not based on personal knowledge not competent summary judgment evidence); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (courts may consider affidavits and depositions insofar as they are not based on information excludable from evidence at trial); *Heller v. Shahroodi*, No. H-17-2544, 2019 WL 1556315, at *3 (S.D. Tex. Feb. 20, 2019) (Hittner, J.) ("The Court may consider hearsay at the summary judgment stage if the hearsay could be reduced to a form admissible at trial.") (citing *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 F. App'x 159, 161 (5th Cir. 2008) (per curiam)).

### II. Objections

Plaintiff objects to the M&R on the grounds that it (1) incorrectly relied on inadmissible evidence when ruling on Defendant's summary judgment motion, (D.E. 68 p. 13–15), and (2) erred in its application of *Scott v. Harris*[2] when ruling on Defendant's summary judgment motion, *id.* at 4–13. After review, the Court overrules Plaintiff's objections, (D.E. 68), and grants Defendant's motion for summary judgment, (D.E. 44).

---

[2] 550 U.S. 372 (2007)

### A. Evidentiary Objections

Plaintiff objects to the M&R's reliance on (1) the police investigative file and (2) the photographs of the scene of the crash without the admission of Plaintiff's additional photographs. *See* (D.E. 68, p. 13–15).[3]

With respect to the police investigative file, Plaintiff objects that "the investigating officer never interviewed Plaintiff at the scene of the subject accident, did not conduct a thorough investigation, has not been deposed, and that there was no sponsoring witness or anyone to authenticate [the file]." *Id.* at 14. The only issue that Plaintiff raises regarding admissibility is authentication. The police investigative file is properly authenticated through the sworn statement of the custodian of records for the Corpus Christi Police Department. *See* (D.E. 44-1, p. 16–17); FED. R. EVID. 901(b)(1). The remainder of Plaintiff's assertions (lack of deposition, thoroughness of investigation, failure to interview) go towards the weight, not the admissibility, of the evidence. To the extent that Plaintiff seeks to lodge an objection relating to expert testimony under Rule 702, he fails to describe with particularity what expert opinions the investigative file purports to offer. *See* (D.E. 68, p. 15) (stating in conclusory fashion that "neither party knows whether the officer is qualified to give the opinions laid out in the crash report"). The Court **OVERRULES** Plaintiff's

---

[3] The Court disagrees with Plaintiff's assertion that he objected to Defendant's summary judgment evidence before Magistrate Judge Neurock. (D.E. 68, p. 14). In the hearing Plaintiff references, Plaintiff articulates that the police didn't conduct a thorough investigation, didn't interview Plaintiff or any witnesses, and that the officers haven't been deposed. (D.E. 68-1, p. 25). Plaintiff then states that "they're seeking issues as to whether it's admitted at this point, because there's nobody to authenticate it, or there's no sponsoring witness to affirm that happened." *Id.* These statements came in the context of a colloquy regarding whether Plaintiff could point to any evidence of a secondary impact other than his affidavit. *See id.* at 24–25. Nowhere did Plaintiff state that he objects to the consideration of the file as evidence. Mere assertions regarding a piece of evidence—many of which go to weight, not admissibility—in an unrelated colloquy do not suffice to operate as an objection to the Court's consideration of that evidence. *See* FED. R. EVID. 103(a) (party claiming error in a ruling to admit evidence must timely object on the record and state specific ground for objecting unless apparent from the context). Nevertheless, the Court will consider Plaintiff's objections on the merits.

objection regarding the police investigative file.

Regarding Plaintiff's objections to the photographs, the Court will consider the photographs presented by Plaintiff in its de novo review of whether summary judgment is warranted. The Court therefore **OVERRULES** this objection as moot.

### B. Summary Judgment Objections

With the available evidence in hand, the Court turns to Plaintiff's remaining objection. The M&R recommends that the Court grant summary judgment for Defendant. (D.E. 62, p. 14). It reaches that conclusion by applying *Scott v. Harris*, finding that "[t]he video and photographic evidence plainly and irrefutably indicates that there was no secondary impact." *Id.* at 13. Plaintiff argues that *Scott* does not apply because the evidence (1) does not depict the entire accident in dispute, (D.E. 68, p. 5–11), and (2) does not blatantly contradict his version of the events, *id.* at 12–13.

Reviewing the M&R de novo, the Court finds that Defendant is entitled to summary judgment irrespective of whether *Scott v. Harris* can properly apply to these facts. That is because Plaintiff has failed to produce more than a scintilla of evidence. Accordingly, the Court need not reach Plaintiff's objections and overrules them as moot.

As the moving party, Defendant bears the first burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Examining the record as a whole, the Court finds that Defendant has met this burden.

Starting with the video evidence, three different versions of the video capture the accident in question, beginning a few seconds before Plaintiff's truck came into frame, continuing through the moment two wheels separated from the truck, and ending approximately nine seconds after the truck came to rest on its side. (D.E. 44-1, p. 5–7). In those nine seconds, the videos capture the

three vehicles following closest behind Plaintiff's truck coming to a rest without colliding with the truck. *Id.* If this were not enough, the photographs of the scene after the fact show more. The photographs show no damage to the top of any portion of Plaintiff's vehicle, despite the vehicle coming to rest perpendicular to the road with the top facing oncoming traffic. *See id.* at 180–88. Nor do they show any debris or skid marks resulting from the purported crash, or tracks in the fluids spilled from Plaintiff's vehicle in either direction of the vehicle. *See id.* The M&R correctly concluded that "Plaintiff's contention [that a secondary impact occurred] is laid to waste by the directly contradictory video and photographic evidence." (D.E. 62, p. 14). But the video and photographic evidence does not end the story.

Defendant also marshals substantial documentary evidence. *See generally* (D.E. 44-1, p. 19–179). The police investigative file provides a minute-by-minute account of the accident from the time it was first reported through the time the scene was cleared. *See generally id.* at 1–177. The report shows numerous calls to the police to report the incident. *Id.* at 156–58. Each call reported a concrete truck rollover with no mention of a second impact or vehicle. *See id.* The dispatch notes and subsequent police crash report also do not include any mention of evidence suggesting a second impact. *Id.* at 19–23. The notes from Plaintiff's intake at the hospital following the incident do not provide any evidence of a second impact. *Id.* at 179. Plaintiff's own report of the incident to his employer recounts only a single vehicle accident, with no mention of a second impact. *Id.* at 178. And, to boot, the call that alerted police to one of the videos (over an hour after the accident occurred) relayed that they had "video of the *whole* accident if officers need it." *Id.* at 48 (emphasis added). These pieces of evidence remove any doubt whether there was a second impact. Taking account of the record as a whole, Defendant has met its burden of showing the absence of a genuine issue of material fact.

Because Defendant has met its burden, the burden shifts to Plaintiff to show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. Plaintiff offers two pieces of evidence: his own affidavit, (D.E. 49-1), and his workers' compensation records, (D.E. 49-2). In his affidavit, Plaintiff avers, "I saw another vehicle rapidly approaching the cement truck, which subsequently struck the same. I also felt the impact of said vehicle [colliding] with the cement truck as I was still inside the vehicle." (D.E. 49-1, p. 1). Plaintiff's workers' compensation record, prepared by his employer, states that the cause of the injury was "[c]ollision or sideswipe with another vehicle." (D.E. 49-2, p. 32).

Although "[i]t is possible for a party to demonstrate the existence of a genuine issue of material fact through reliance on a single declaration," that is not the case when only a scintilla of evidence supports the statements in the declaration. *See Favela*, 91 F.4th at 1213 (first citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); and then citing *Freeman v. TDCJ*, 369 F.3d 854, 860 (5th Cir. 2004)). "A scintilla is something less than the amount of evidence necessary to support a reasonable finding of fact." *Id.* at 1214 n.3 (first citing *Davis*, 14 F.3d at 1086; then citing *Marathon Corp.*, 106 S.W.3d at 727–28; and then citing *Scintilla*, BLACK'S LAW DICTIONARY (11th ed. 2019)).

Here, Plaintiff has not met his burden to show the existence of a genuine issue of material fact because he has presented only a scintilla of evidence. Plaintiff presents two facts to support his assertion that a second impact occurred: (1) he saw another vehicle rapidly approaching and felt the impact; and (2) his employer's workers' compensation report lists the cause of injury as collision or sideswipe with another vehicle. (D.E. 49-1, p. 1; D.E. 49-2, p. 32). A rational trier of fact could not conclude that a second impact occurred based on these two pieces of evidence. To be sure, "[a] rational trier of fact might conclude that [Plaintiff's] allegations present a scintilla of

evidence, but a mere scintilla is not enough to defeat a motion for summary judgment." *Davis*, 14 F.3d at 1086 (citing *Anderson*, 477 U.S. 242). At best, Plaintiff's evidence creates some metaphysical doubt as to whether a second impact occurred. But that does not suffice to defeat summary judgment. *Matsushita*, 475 U.S. at 586. Comparing the voluminous documentary, video, and photographic evidence supporting Defendant's position to the dearth of evidence supporting Plaintiff's, the Court determines that there are no triable issues for resolution by a factfinder. *See Anderson*, 477 U.S. at 251–52 (describing summary judgment standard as essentially "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

The Court must draw all inferences in favor of the nonmoving party. But the Court need not rule in favor of the nonmovant when the nonmovant does nothing more "than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "When two conclusions are *plausible*, at the summary judgment stage, we must accept as true that which is most favorable to the nonmovant." *Crane v. City of Arlington*, 50 F.4th 453, 462 (5th Cir. 2022) (emphasis added) (citing *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018)). Here, only one conclusion is plausible: no second impact occurred. Accordingly, the Court finds that Plaintiff has not met his burden to show the existence of a genuine issue of material fact, and Defendant is therefore entitled to summary judgment. The Court **OVERRULES** Plaintiff's objection regarding *Scott v. Harris* as moot.

### V. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of objected-to portions of the M&R, the Court **OVERRULES** Plaintiff's objections, (D.E. 68), **ADOPTS** the M&R's recommendation regarding

a grant of summary judgment, (D.E. 62), and **GRANTS** Defendant's motion for summary judgment, (D.E. 44). The Court **DENIES** Plaintiff's motion for continuance, (D.E. 48), and **DENIES as moot** Defendant's motion to exclude untimely disclosed matters, (D.E. 53).

A final judgment will enter separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
March 20, 2025